No. 86-292

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

IN RE THE MARRIAGE OF
ANN ROGERS,

        Petitioner and Respondent.

    and

PATRICK ROGERS,

    Respondent and Appellant.

---

APPEAL FROM: District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Arnold Olsen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Johnson, Skakles & Kebe; Greg J. Skakles, Anaconda,
Montana

    For Respondent:

        Henningsen & Purcell; Mark A. Vucurovich, Butte,
Montana

---

Submitted on Briefs: Feb. 13, 1987

Decided: March 19, 1987

Filed: MAR 1 9 1987

Ethel M. Harrison

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The husband appeals the property distribution entered by the District Court of the Second Judicial District, Silver Bow County, in this dissolution of marriage. We affirm in part and remand for reconsideration in part.

The issues are:

1. Did the District Court err in: a) ordering the sale of the family residence and an equal division of the proceeds; b) awarding the wife all of the personal property which she requested; c) directing the husband to pay the wife the sum of four thousand five hundred dollars ($4,500); and d) directing the husband to pay the wife an amount representing half of his interest in his retirement account?

2. Did the District Court err in adopting many of the wife's proposed findings and conclusions?

The parties were married in 1967. At the time of the marriage, the husband had a bachelor's degree and the wife had completed several years of college. The husband completed a master's degree during the marriage, and was a school principal in Deer Lodge earning $36,641 per year. The wife had completed an education degree during the marriage, and was employed as a teacher in Butte. She was earning $1,314 per month. The court described her employment situation as "tenuous at best", because she was non-tenured and had limited experience. The parties have three teenage children, two boys and a girl.

The District Court heard testimony from both parties on their proposals for custody and property distribution. Custody of the two boys was awarded to the husband, and custody of the daughter was awarded to the wife. The husband was ordered to pay $250 per month for the support of the daughter.

2

The court awarded the wife all of the personal property she had requested. It directed the husband to pay her $375 as his share of the cost of high school tuition for the daughter. It also ordered him to pay the wife $4,500 as her share of an IDS account and motor home which had been sold during the parties' pre-dissolution separation. Further, the court ordered the husband to pay the wife one-half of the present value of his Teacher's Retirement Account. That payment of $11,205 was to be made within 60 days of the decree. The court awarded the husband the use and possession of the parties' home in Deer Lodge until the children in his custody reach the age of 18, when the house is to be sold and the proceeds divided equally between the parties.

I

Did the District Court err in: a) ordering the sale of the family residence and an equal division of the proceeds; b) awarding the wife all of the personal property which she requested; c) directing the husband to pay the wife the sum of four thousand five hundred dollars ($4,500); and d) directing the husband to pay the wife an amount representing half of his interest in his retirement account?

These are all questions of the sufficiency of the evidence to support the District Court's distribution of property. In distributing marital property, a district court is guided by § 40-4-202(1), MCA:

> In a proceeding for dissolution of a marriage . . .
> the court, without regard to marital misconduct,
> shall . . . finally equitably apportion between the
> parties the property and assets belonging to either
> or both, however and whenever acquired and whether
> the title thereto is in the name of the husband or
> wife or both. In making apportionment, the court
> shall consider the duration of the marriage and

3

> prior marriage of either party; antenuptial agreement of the parties; the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties; custodial provisions; whether the apportionment is in lieu of or in addition to maintenance; and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution or dissipation of value of the respective estates and the contribution of a spouse as a homemaker or to the family unit. . . .

This Court will not alter the lower court's distribution of marital property absent a clear abuse of discretion. In re Marriage of Garst (Mont. 1983), 669 P.2d 1063, 1067, 40 St.Rep. 1526, 1530.

The husband's first contention is that the District Court should not have ordered the family home sold after the children in his custody reach the age of majority. He argues that he would like to buy out the wife's interest in the house and to continue living in it himself, and that there is no reason not to allow him to do that.

At the dissolution hearing, the husband presented a $45,000 appraisal of the family home and the wife gave a $52,000 valuation. It was clear from the testimony that the parties were unable to agree upon a value for the home. It is also clear that the wife is entitled to an equitable share of this marital asset. We conclude that the District Court did not err in ordering the home sold once the children reach age 18.

The husband also says it is inequitable that the wife should receive one-half the proceeds of sale of the home, since he has been making all mortgage payments since they separated and will continue to do so until the house is sold. However, the wife points out that husband's $397 monthly

4

mortgage payments can properly be considered in the nature of rent. We conclude that it was not error for the District Court to divide equally the proceeds of sale of the house.

Next, the husband argues that the court's division of the parties' personal property is in error, because the court failed to consider the effect of its property distribution on both parties. The court adopted the division of property requested by the wife. The personal property consists of modest home furnishings and personal items. In review, the division of personal property appears reasonable and we find no abuse of discretion in the award to the wife of those items she requested.

Third, the husband objects to being ordered to pay the wife $4,500 as her share of assets he liquidated during their separation. The record shows that he sold a motor home for $6,000 and closed out a $3,300 IDS account. He contends these funds were necessary to cover the expenses of himself and the three children, who were all residing with him at that time.

There is nothing in the record to indicate why the husband's earnings were insufficient to meet the expenses of himself and the children during the period at issue. There is no question that the IDS account and the mobile home were marital property. We conclude that the District Court was within its discretion in directing that the wife receive $4,500 as her share of the marital assets sold.

Finally, the husband argues that the wife should receive her share of his retirement account only when he becomes eligible to receive his share, not now. The District Court ordered him to pay the wife $11,205 within sixty days as her share of his retirement account.

The evidence shows that the wife is having trouble meeting her current expenses, and that her present employment situation is highly tenuous. However, the uncontested asset list of the husband shows that he has no liquid assets which would enable him to pay the wife $11,205 in 60 days. He is also required to pay the wife $4,500 immediately. These are all factors which the District Court should consider in providing for distribution of the retirement account. The court may wish to consider structuring a payment plan for the wife's interest in the retirement account. We remand this matter to the District Court with instructions to consider further the husband's ability to pay the $11,205 as a lump sum, and the manner of payment which should be required.

## II

Did the District Court err in adopting many of the wife's proposed findings and conclusions?

The husband points out that the majority of the findings and conclusions of the District Court are the same or similar to those proposed by the wife. He points out that wholesale adoption of a party's proposed findings and conclusions has been disapproved by this Court.

However, if the findings are sufficiently comprehensive and pertinent to the issues, and are supported by the evidence presented, they will not be overturned. Parenteau v. Parenteau (Mont. 1983), 664 P.2d 900, 903, 40 St.Rep. 815, 819. It is apparent from the changes the court has made to the proposed findings and conclusions that it has reviewed and evaluated the evidence presented to it. We hold that although the court has adopted a number of proposed findings and conclusions, it did not err in issuing its findings and conclusions of law as it did.

6

Affirmed in part and remanded for further consideration of the manner of payment to the wife of her interest in husband's retirement account.

_____
                                   Justice

We Concur:

_____

_____

_____

_____
              Justices

7