No. 87-86

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

IN RE THE MARRIAGE OF
TIM SULLIVAN,

> Petitioner and Appellant,

and

JOAN C. SULLIVAN,

> Respondent and Respondent.

---

APPEAL FROM: District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Arnold Olsen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hull and Sherlock; Jeffrey M. Sherlock, Helena,
Montana

For Respondent:

Mark A. Vucurovich, Butte, Montana

---

Submitted on Briefs: July 23, 1987

Decided: October 27, 1987

Filed: OCT 27 1987

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The District Court for the Second Judicial District, Silver Bow County, dissolved the marriage of the parties in September 1986. In December 1986, the District Court distributed the marital estate. Mr. Sullivan appeals the distribution of the marital estate and award of maintenance. We affirm.

The issues are:

1. Did the District Court's valuation of assets and distribution of property constitute reversible error?

2. Was there sufficient evidence to support the District Court's award of maintenance?

The parties to this action were married in 1964 and are residents of Silver Bow County. They have two children, both of whom were emancipated at the time of trial. During the course of the marriage the husband received a bachelor's degree, a master's degree, and a doctorate degree. At the time of trial he was making a salary of approximately $45,000 per year as a curriculum director for School District No. 1 in the Butte public school system. The wife has only a high school diploma. She testified that she was employed as an automobile salesperson earning approximately $400 per month in commissions at the time of trial.

The District Court (a) awarded the home, subject to a $4,500 morgage, to the wife; (b) awarded the husband the full value of his two pensions, a Teachers Retirement pension and a Teamsters pension; (c) awarded the parties the personal property currently in the possession of each, valuing the property at $7,500; (d) ordered that the husband be responsible for all debts of the marriage; and (e) ordered the husband to pay $350 per month maintenance for two years.

Did the District Court's valuation of assets and distribution of property constitute reversible error?

The husband argues that the District Court improperly adopted the wife's proposed findings and conclusions. We conclude that the findings and conclusions are properly supported by the evidence. We hold that the court did not commit error through its adoption of significant parts of the wife's proposed findings and conclusions. See In re the Marriage of Rogers (Mont. 1987), 734 P.2d 677, 680, 44 St.Rep. 556, 560.

The husband argues that the findings and conclusions do not specifically set forth the liabilities of the parties and so he cannot determine the debts for which he is held responsible. Both parties submitted extensive statements of income, expenses, assets and liabilities which were declared to be true and correct under penalties of perjury. These schedules contain itemized liabilities. In addition, the husband testified at length regarding liabilities. We conclude the District Court did not err in failing to make a more specific list of liabilities.

The husband argues that the valuation of the home was not supported by the evidence. The District Court valued the home at $67,000 based upon an appraisal by James Burgess. The schedule submitted by the husband valued the home at $42,000-$48,000. The schedule submitted by the wife valued the home at $45,000. At trial the parties agreed they would provide a current appraisal. The appraisal of James Burgess is not a part of the record. The husband argues for reversal on the technical absence of the appraisal. We conclude this is a technical argument without merit. Analyzing the distribution of assets, it is apparent that if the home was over-valued, it is the wife who has a basis for complaint, and not

the husband. We conclude that the house valuation does not constitute reversible error as to the husband.

The husband raises a technical argument with regard to the value of the pensions which were awarded to him. He argues that the valuations by the District Court in the amount of $38,727 and $9,000 are not supported by the evidence. At trial the husband's counsel agreed to provide an updated valuation which does not appear in the record. Husband's schedule valued the pensions at $34,000 and $9,000 and his proposed findings valued the pensions at $38,727 and $23,021. Regardless of the valuation, the record does not disclose injury to the husband. We conclude that the District Court's valuation of pensions awarded to the husband does not constitute reversible error.

The husband also argues that the District Court failed to consider the wife's alleged dissipation of the estate. The District Court said that the husband had made broad allegations of forgery which the court "finds untrue". There is substantial evidence to support the conclusion of the District Court, and we find no error.


II

Was there sufficient evidence to support the District Court's award of maintenance?

In determining maintenance, the District Court must be guided by § 40-4-203, MCA. Initially the court must determine whether maintenance is proper pursuant to subsection (1) which permits a maintenance award if the wife lacks sufficient property to provide for her reasonable needs and is unable to support herself through appropriate employment.

The District Court found that the wife's limited resources, her limited educational background, and the length of the marriage qualified her for maintenance. The only

4

substantial asset which she enjoys is the family home which is not income producing property. She has only a high school education, and much of her 22 years of marriage was spent as homemaker. Although the husband alleges that the wife had earned as much as $20,000 in 1979 and also in 1980, the record does not support this contention. Her W-2 forms indicate that she earned $11,224 in 1981, $7,896 in 1984, and $4,292 in 1985. Currently the wife earns approximately $400 per month. We conclude that subsection (1) of § 40-4-203, MCA, has been satisfied, and that the District Court did not abuse its discretion by awarding maintenance.

Next the District Court must look to the factors set forth in subsection (2) of the statute for the determination of amounts and periods of maintenance. The husband contends that the court did not have sufficient credible evidence to support its award of $350 per month for 2 years. He also believes that the court failed to consider that his monthly financial obligations are greater than his financial resources and so he is unable to meet his needs while meeting the needs of the wife.

In its findings and conclusions the court considered the wife's limited education, the length of marriage, the high earning capacity of the husband, the limited earning potential on the part of the wife, and the wife's limited assets. We conclude that the record contains substantial evidence to support the maintenance award of $350 per month for two years.

The husband argues that his monthly payout will exceed his monthly earnings. We note that a number of the listed expenditures on the part of the husband are no longer required as a result of the form of the decree. We conclude there is substantial evidence to support the award of maintenance.

We affirm the District Court.

_____
Justice

We Concur:

_John Conway Harrison_

_John C. Sheehy_

_G.C. Gulbrandson_

_R.C. McCarvel_
Justices