NO.   94-510

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF

SHELLY L. SPENCER,

      Petitioner and Appellant,

  and

RICHARD V. SPENCER,

      Respondent and Respondent.

FILED

JUN 0 6 1995

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Nineteenth Judicial District,
               In and for the County of Lincoln,
               The Honorable Robert S. Keller, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Donald L. Shaffer, Attorney at Law,
          Libby, Montana

      For Respondent:

          William A. Douglas, Douglas & Sprinkle,
          Libby, Montana


Submitted on Briefs:   May 4, 1995

Decided:   June 6, 1995

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Shelly L. Spencer appeals from that portion of a dissolution decree from the Nineteenth Judicial District Court, Lincoln County, which ordered her to divide with respondent Richard V. Spencer the net proceeds from the eventual sale of the family home in the event that Shelly remains in the home until the minor children reach the age of 18, or graduate from high school.

We affirm.

Appellant raises the following issue:

Did the District Court err in determining that appellant should divide with respondent the net proceeds from the eventual sale of the family home in the event that she remains in the home until the minor children reach the age of 18, or graduate from high school?

The parties were married on May 28, 1987. Two children were born to the parties during their marriage. Richard's parents loaned the parties $2000 as a down payment for the purchase of a $32,000 home. At the **time** of the dissolution hearing, the principal balance owing on the home was $30,000. The monthly purchase payment of $334 includes insurance and taxes. The District Court ordered that Shelly be permitted to reside in the home until both children reach the age of 18, or graduate from high school. The District Court ordered further that in the event Shelly should cease to use the home as her residence, or that when the children reach the age of 18 or graduate from high school, the property should be sold, Richard should be reimbursed the $2000

2

down payment loan he received from his parents, and the net proceeds from the sale should be divided equally between the parties. It is from this portion of the District Court's decree that Shelly appeals.

We review a district court's division of marital property to determine whether the division is clearly erroneous. In re Marriage of Maedje (1994), 263 Mont. 262, 265-66, 868 P.2d 580, 583.

In In re Marriage of Rogers (1987), 226 Mont. 163, 734 P.2d 677, we concluded that it was not error to order that the wife should receive an equal share of the proceeds from the sale of the family home which was to occur after the children, who were in the husband's custody, reached 18, even though the husband would be making the mortgage payments until the home was sold.

We hold that it was not error for the District Court to order an equal division of the proceeds from the eventual sale of the family home pursuant to the terms of the dissolution decree.

We affirm.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4

June 6, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

DONALD L. SHAFFER
Attorney at Law
502 Main
Libby, MT 59923

William A. Douglas
Douglas & Sprinkle
Box 795
Libby, MT 59923-0795

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _A. Gallagher_
Deputy